```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
FRANTZ ULYSSE,

                    Plaintiff,                              **MEMORANDUM & OPINION**

         - against -
                                                            Case No. 14 CV 3556 (PKC)
FRESHDIRECT, LLC

                    Defendant.
---------------------------------------------------------X
```

PAMELA K. CHEN, United States District Judge:

In this employment discrimination action, Plaintiff Frantz Ulysse alleges that his former employer, Defendant FreshDirect LLC ("Defendant" or "FreshDirect"), subjected him to a hostile work environment, discriminated against him on the basis of race and/or national origin, and retaliated against him for filing a complaint with the New York State Division of Human Rights ("NYSDHR"). (Dkt. 1, Compl.) Plaintiff brings his claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, ("NYSHRL") and the New York City Human Rights Law, N.Y.C. Admin. Code Title 8 ("NYCHRL").

Currently pending before the Court is Defendant's motion to dismiss Plaintiff's State and City law retaliation claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("FRCP"). Defendant argues that this Court lacks subject matter jurisdiction over such claims because Plaintiff previously elected to pursue remedies before the NYSDHR. In Defendant's view, because Plaintiff's State and City law retaliation claims arise from the same conduct investigated by the NYSDHR, such claims are barred by his prior election of remedies. (Dkt. 7–

1, Def. Memo at ECF 5.)[1]  Plaintiff opposes FreshDirect's motion, arguing that his State and City law retaliation claims were not before the NYSDHR, and therefore are not barred. (Dkt. 9, Pl. Opp. at ECF 3–4.)

The Court hereby grants Defendant's motion to dismiss, finding that it lacks subject matter jurisdiction over Plaintiff's State and City law retaliation claims, and dismisses them with prejudice. Plaintiff also voluntarily withdraws his State and City law national origin discrimination claims, and so the Court also dismisses them from the Complaint. (Pl. Opp. at ECF 5 n.3.)

**I.     BACKGROUND**

**A.     Facts[2]**

Plaintiff is a Haitian male. (Compl., ¶ 7.) He began working for FreshDirect on May 17, 2012 as a Loader/Shipper. (Compl., ¶ 8.)

During the course of his employment, Plaintiff was routinely subjected to scrutiny and criticism due to his limited English proficiency. Other workers would mock him and mimic his accent. Though he complained to his supervisor, Carlos Plaza, on occasion, nothing was done to remedy the situation. (Compl., ¶ 9.) On May 11, 2013, Plaza alleged that Plaintiff had a harsh body odor. Plaintiff was the only Haitian individual at his work location. (Compl., ¶ 10.) On

---

[1]     Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

[2]     The following facts, which are taken from Plaintiff's Complaint, are assumed to be true, for purposes of Defendant's FRCP 12(b)(1) motion to dismiss. *Basile v. Levittown United Teachers*, 17 F. Supp. 3d 195, 204 (E.D.N.Y. 2014) (citing *Town of Babylon v. Fed. Hous. Fin. Agency,* 699 F.3d 221, 227 (2d Cir. 2012)).

May 15, 2013, Plaintiff complained to his senior manager, Gary,[3] about the hostility and disparate treatment to which he was being subjected. (Compl., ¶ 11.)

On May 26, 2013, Plaintiff identified a damaged can of soda while loading a delivery truck, and removed the can. Though he intended to replace the can, he was called to another work location, and so provided the can to a co-worker, requesting that the co-worker replace the product. (Compl., ¶¶ 12–14.) On June 2, 2013, FreshDirect suspended Plaintiff without pay, using the soda can incident as a pretext for suspending Plaintiff because of his prior complaints. (Compl., ¶ 16.)

On June 5, 2013, Plaintiff filed a complaint of national origin discrimination with the NYSDHR. (Compl., ¶ 17.) On June 27, 2013, in retaliation for the filing of his complaint, FreshDirect terminated Plaintiff. (Compl., ¶ 18.)

### B. Procedural History

Plaintiff's NYSDHR complaint alleged that FreshDirect discriminated against him on the basis of national origin, and that FreshDirect subjected him to harassment, disparate treatment, and a suspension motivated by his national origin. (Dkt. 7–2, NYSDHR Complaint at ECF 4.) On February 27, 2014, the NYSDHR rendered a Determination and Order after investigation. (Dkt. 7–2, NYSDHR Order at ECF 9–11.) The Determination and Order stated that, after conducting an investigation, the NYSDHR determined there was no probable cause to believe that FreshDirect had engaged in the unlawful discriminatory practices that Plaintiff had alleged in his complaint. *Id*.

Plaintiff filed this suit on June 5, 2014. On December 18, 2014, FreshDirect moved to dismiss Plaintiff's State and City law retaliation claims pursuant to FRCP 12(b)(1).

---

[3]    Plaintiff's Complaint does not provide his senior manager's last name.

## II. STANDARD OF REVIEW

FRCP 12(b)(1) provides for the dismissal of a claim over which the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party asserting subject matter jurisdiction has the burden to prove the Court's jurisdiction by a preponderance of the evidence. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing *Malik v. Meissner,* 82 F.3d 560, 562 (2d Cir. 1996)). The Court may consider affidavits and other material outside of the pleadings to resolve the jurisdictional issue. *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) (case citations omitted).

## III. DISCUSSION

FreshDirect moves to dismiss Plaintiff's retaliation claims pled under the NYSHRL and the NYCHRL for lack of subject matter jurisdiction. It argues that Plaintiff's State and City law retaliation claims arise from the same conduct investigated by the NYSDHR, and therefore Plaintiff is barred from taking a "second bite of the apple" by pursuing them in this action. (*See* Def. Memo at ECF 5.) Plaintiff opposes, arguing that his retaliation claims were not before the NYSDHR and therefore are properly before this Court. (Pl. Opp. at ECF 3–4.)

### A. Doctrine of the Election of Remedies

Under the NYSHRL, "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction . . . unless such person had filed a complaint hereunder or with any local commission on human rights." N.Y. Exec. Law § 297(9). Once a plaintiff brings a claim before the NYSDHR, he may appeal only to the Supreme Court of the State of New York. N.Y. Exec. Law § 298. Similarly, under the NYCHRL, "any person claiming to be aggrieved by an unlawful discriminatory practice . . . shall have a cause of action in any court of competent jurisdiction . . . unless such

4

person has filed a complaint with the city commission on human rights or with the [NYSDHR] with respect to such alleged unlawful discriminatory practice." N.Y.C. Admin Code § 8–502(a).

Thus, upon bringing a claim of discrimination in the NYSDHR, an individual may not bring the same claim in State or federal court, unless the NYSDHR dismissed the claim for administrative convenience, untimeliness, or on the grounds that the election of remedies was annulled. N.Y. Exec. Law § 297(9); *see also* N.Y.C. Admin Code § 8–502(b); *see also York v. Ass'n of Bar of City of New York*. 286 F.3d 122, 127 (2d Cir. 2002); *Clemmer v. Fordham Bedford Cmty. Servs.,* No. 14 CIV. 2343, 2015 WL 273657, at *4 (S.D.N.Y. Jan. 16, 2015). None of those exceptions are at issue here.

The issue presented by Defendant's motion is whether Plaintiff's retaliation claims are the "same" as those investigated by the NYSDHR. "So long as 'substantially the same facts are involved, . . . the doctrine of election of remedies will bar any subsequent court proceedings. The facts need not be perfectly identical, and merely adding some additional facts and/or re-labeling the claim will not prevent the application of the doctrine of election of remedies.'" *DeBerry v. Brookdale Univ. Hosp. & Med. Ctr.*, 11 F. Supp. 3d 387, 392 (E.D.N.Y. 2014) (quoting *Benjamin v. New York City Dep't of Health,* 2007 N.Y. Misc. Lexis 7367, at *14 (N.Y. Sup. Ct. Oct. 23 2007), *aff'd*, 870 N.Y.S.2d 290 (N.Y. App. Div. 2008)). Accordingly, courts have found claims barred where the subsequent claim brought in court arises from the same facts or events investigated by the NYSDHR. *See DeBerry*, 11 F. Supp. 3d at 392 (finding plaintiff's complaint before the district court barred where it was virtually identical to her complaint before the NYSDHR, except for the addition of several incidents that occurred after the filing of her NYSDHR complaint that further supported her claims).

For example, in *Higgins v. NYP Holdings, Inc.*, the court found that the election of remedies doctrine acted as both a direct bar to the plaintiff's race/color claims brought before the NYSDHR, and a derivative bar to his religious and disability discrimination claims pled under State law. *Higgins v. NYP Holdings, Inc.,* 836 F. Supp. 2d 182, 189 (S.D.N.Y. 2011). Because the plaintiff's religious and disability discrimination claims emerged from the "same operative events" underlying his race/color claims, the court found these claims barred due to the plaintiff's election of remedies with the NYSDHR. *Id*. at 189–90.

Similarly, in *Benjamin v. New York City Dep't of Health*, the Appellate Division, First Department, upheld the dismissal of the plaintiff's national origin and retaliation claims due to the NYSDHR's dismissal of her complaint for race discrimination. 870 N.Y.S.2d at 291–92. Though the plaintiff in *Benjamin* argued that her retaliation claim was not before the NYSDHR because she was not fired until after she filed her complaint, the Appellate Division found that the NYSDHR had determined her claims of retaliatory discipline to be without merit, and her termination "was simply the culmination" of her employer's disciplinary process. *Id*. at 292.

### B. Plaintiff's State and City Law Retaliation Claims are Barred by Plaintiff's Prior Election of Remedies

Here, the Court finds that Plaintiff's State and City law retaliation claims are barred by his prior election of remedies before the NYSDHR because his retaliation claims in this case clearly arise from "the same operative events" underlying his claims investigated, and found unsupported, by the NYSDHR. *See Higgins*, 836 F. Supp. 2d at 189–90.

Plaintiff's NYSDHR complaint alleged that he was harassed due to his national origin and suspended based on the pretextual reason that he had stolen a can of soda on May 26, 2013. (Dkt. 7–2, NYSDHR Complaint, at ECF 4–5.) In issuing its finding of no probable cause, the NYSDHR investigated the soda can incident and Plaintiff's allegations of national origin

discrimination. (Dkt. 7–2, NYSDHR Order, at ECF 9–11.) Though Plaintiff did not amend his charge to include the facts of his termination, it appears the NYSDHR learned of, and considered, the termination during its investigation. (*Id*. at ECF 9.)

While the NYSDHR found no information to support Plaintiff's version of events with respect to the soda incident, it noted that Respondent's "investigation" into the incident was minimal. (*Id*. at ECF 10.) It also found "no evidence to support anything other than language/communication issues" and "no evidence to support that [Plaintiff's] national origin played a role in his termination." (*Id*.). It further noted that FreshDirect had terminated employees of other protected classes for similar behaviors. (*Id*.)

Plaintiff's Complaint before this Court alleges that he was terminated in retaliation for filing a complaint with the NYSDHR "despite the fact that there was no evidence to support the position that [he] engaged in any misconduct." (Compl., ¶ 10.) Because Plaintiff's retaliation claims refer to his innocence with respect to the soda can incident (the same incident the NYSDHR investigated and found unsupported), and Plaintiff alleges retaliation based on his filing of a NYSDHR charge based on national origin—the very charge before the administrative tribunal—the Court finds that Plaintiff's State and City law retaliation claims are based on the same events investigated by the NYSDHR.

The Court finds the cases cited by Plaintiff unavailing. Plaintiff fully admits that in *Stanley v. Guardian Sec. Servs*., 800 F. Supp. 2d 550 (S.D.N.Y. 2011), the NYSDHR's decision did not reference the Plaintiff's termination. Here, however, the NYSDHR's Determination and Order makes clear that it was aware that FreshDirect had terminated Plaintiff. (Dkt. 7–2, NYSDHR Order, at ECF 9 (noting FreshDirect's position that it had legitimate reasons for Plaintiff's termination); *id*. at ECF 10 (finding no evidence that Plaintiff's national origin played

a role in his termination). And while the court in *Alston v. New York City Transit Auth.* found the plaintiff's retaliation claim was not barred due to his election of remedies, in that case, the circumstances giving rise to plaintiff's retaliation claim occurred *after* his NYSDHR complaint was dismissed, and thus were not considered by the agency in dismissing his complaint. 2003 WL 22871917 at *9 n.7 (S.D.N.Y. Dec. 3, 2003). Here, by contrast, Plaintiff's retaliation claims rest on his termination, which occurred while his administrative charge was pending and was explicitly considered by the NYSDHR during its investigation.

## IV.   CONCLUSION

The Court therefore lacks subject matter jurisdiction over Plaintiff's State and City law retaliation claims due to Plaintiff's prior election of remedies. The Court dismisses these claims from the Complaint with prejudice. The Court also dismisses any national origin discrimination claims pled under the NYSHRL or the NYCHRL based on Plaintiff's voluntary dismissal of such claims. (Pl. Opp. at ECF 5 n.3.)

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 28, 2015
       Brooklyn, New York